**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TQP DEVELOPMENT, LLC** <br> Plaintiff, <br> **v.** <br> **DISH NETWORK L.L.C.,** <br> Defendant. | **Civil Action No.** 2:12-cv-179 <br> **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which TQP Development, LLC ("TQP") makes the following allegations against DISH Network L.L.C. ("Defendant"):

**PARTIES**

1. Plaintiff TQP Development, LLC is a Texas limited liability company having a principal place of business of 207C North Washington Street, Marshall, Texas 75670.

2. On information and belief, Defendant DISH Network L.L.C. ("Dish Network") is a Colorado limited liability company with its principal place of business at 9601 South Meridian Boulevard, Englewood, CO 80112. DISH may be served through its agent for service of process at CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, NV 89119.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, the Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. On information and belief, the Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,412,730**

6. Plaintiff is the owner by assignment of United States Patent No. 5,412,730 ("the '730 Patent") entitled "Encrypted Data Transmission System Employing Means for Randomly Altering the Encryption Keys." The '730 Patent issued on May 2, 1995. A true and correct copy of the '730 Patent is attached as Exhibit A

7. Upon information and belief, Defendant Dish Network has been and now is infringing the '730 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Dish Network websites (including, without limitation to, www.my.dish.com and related internal systems supporting the operation of said websites) for transmitting data comprising a sequence of blocks in encrypted form over a communication link covered by one or more claims of the '730 Patent to the injury of TQP. Dish Network's infringement includes all websites and internal systems operated by or for Dish Network that transmit data comprising a sequence of blocks in encrypted form as

described by one or more claims of the '730 Patent. For example, when Dish Network and/or Dish Network's customers connect to Dish Network's website, a communication link is established between host servers and the client computer. Data transmitted over this communication link comprises a sequence of blocks, and is transmitted as packets in a sequence over the communication link. Certain data transmissions (both from the client computer to the host server, and from the host server to the client computer) are encrypted according to the claimed method. In order to communicate with encrypted portions of Dish Network's website, client computers must agree to an encryption algorithm or protocol. Once that protocol is established by the host server, the client computer automatically implements the claimed encryption algorithm under the direction of the host server. Dish Network provides, or directs the client computer to provide, a seed value for both the transmitter and receiver in a symmetric encryption algorithm, and uses the same key to encrypt and decrypt data. Dish Network generates, or directs the client computer to generate, a first sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at the transmitter (whichever of the host server or client computer is sending the encrypted information), each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link. Dish Network encrypts data for transmission from the host server to the client. In addition, Dish Network directs the client computer to encrypt data comprising information sent from the client to the host server before it is transmitted over the link. Dish Network generates, or directs the client computer to generate, a second sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at said transmitter, each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the

data being transmitted over said link such that said first and second sequences are identical to one another, as is used in a symmetric algorithm, a new one of said key values in said first and second sequences being produced each time a predetermined number of said blocks are transmitted over said link. Dish Network decrypts data sent from the client in order to use the data, and directs the client computer to decrypt data transmitted from the host server in order to provide a useable display to, for example, a user of the client computer. By virtue of performing each step of the claimed method, Defendant Dish Network is directly infringing the '730 Patent. In addition, by virtue of performing some steps and directing and/or controlling others to perform the remaining steps, Defendant Dish Network is directly infringing, literally infringing, and/or infringing the '730 Patent under the doctrine of equivalents. Defendant Dish Network is thus liable for infringement of the '730 Patent pursuant to 35 U.S.C. § 271.

8. On information and belief, to the extent any marking was required by 35 U.S.C. §287, all predecessors in interest to the '730 Patent complied with any such requirements.

9. To the extent that facts learned in discovery show that Defendant's infringement of the '730 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

10. As a result of these Defendant's infringement of the '730 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

11. Unless a permanent injunction is issued enjoining the Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '730 Patent, Plaintiff will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '730 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '730 Patent, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '730 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

TQP, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 4, 2012

Respectfully submitted,

**TQP DEVELOPMENT, LLC**

By: /s/ Marc A. Fenster
Marc A. Fenster, CA Bar No. 181067
E-mail: mfenster@raklaw.com
Alexander C. Giza, CA Bar No. 212327
E-mail: agiza@raklaw.com
Adam S. Hoffman, CA Bar No. 218740
E-mail: ahoffman@raklaw.com
Kevin P. Burke, CA Bar No. 241972
E-mail: kburke@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991

Hao Ni, TX Bar No. 24047205
E-mail: hni@nilawfirm.com
Ni Law Firm, PLLC
3102 Maple Ave. Suite 400
Dallas, TX 75201
Telephone: 214/800-2208
Facsimile: 214/880-2209

Andrew W. Spangler, TX Bar No. 24041960
E-mail: spangler@sfipfirm.com
James A. Fussell, III, AR Bar No. 2003193
E-mail: fussell@sfipfirm.com
SPANGLER & FUSSELL P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903/753-9300
Facsimile: 903/553-0403

**Attorneys for Plaintiff**
**TQP DEVELOPMENT, LLC**